UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00131-RJC

| | |
|---|---|
| PAULINA CALECA, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> COMMISSIONER OF SOCIAL SECURITY, ) </br> ) </br> Defendant. ) </br> ) </br> ) | **ORDER** |

**THIS MATTER** comes before the Court on the Parties' Cross Motions for Summary Judgment as well as Defendant's unopposed Motion for Leave to File a Sur-Reply. (DEs 12, 14, 17). Having fully considered the written arguments, administrative record, and applicable authority, the Court grants Plaintiff's Motion for Summary Judgment and remands this matter for further proceedings consistent with this Order.

## I. BACKGROUND

Plaintiff Paulina Caleca ("Caleca") seeks judicial review of the Commissioner of Social Security's ("Defendant" or "Commissioner") denial of her social security claim. Caleca filed her application for disability insurance benefits on July 9, 2018, with an alleged onset date of April 1, 2018. (Tr.[1] 10).

In denying Caleca's social security claim, the ALJ conducted a five-step sequential evaluation. (Tr. 10–24). At step one, the ALJ found that Caleca had not engaged in substantial gainful activity since the alleged onset date. (Tr. 12). At step two, the ALJ found that Caleca had

---

[1] Citations to "Tr." throughout the order refer to the administrative record at DE 9.

the following combination of severe impairments: fibromyalgia, history of lupus, cervical spine degenerative disc disease, asthma, and obesity. (*Id.*) The ALJ also found that Caleca had the following combination of non-severe impairments: hypertension; dry eye syndrome; goiter, status post August 2020 left ankle avulsion fracture; depression; and anxiety. (*Id.* at 13). At step three, the ALJ found that none of the impairments, or combinations of impairments, met or equaled the severity of a listed impairment. (Tr. 15–17). Before moving to step four, the ALJ found that Caleca had the residual functional capacity ("RFC") as follows:

> I find that the claimant has the residual functional capacity to perform light work (lift, carry, push, or pull 20 pounds occasionally and 10 pounds frequently; stand or walk 6 hours in an 8-hour workday; and sit 6 hours in an 8-hour workday), as defined in 20 CFR 404.1567(b) except for the following limitations: she can frequently climb ramp/stairs, climb ladder/rope/scaffolds, and balance. She can have no concentrated exposure to extreme heat or cold, to humidity, or to pulmonary irritants.

(Tr. 17). At step four, the ALJ found that Caleca could perform past relevant work as an administrative assistant. (Tr. 23).

After exhausting her administrative remedies, Caleca brought the instant action for review of Defendant's decision denying her application for disability insurance benefits under Title II of the Social Security Act. (DE 1).

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d

2

Case 1:21-cv-00131-RJC   Document 19   Filed 08/08/22   Page 2 of 7

343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" as:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456; *see also Smith v. Schweiker*, 795 F.2d at 345; *and Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### III.     DISCUSSION OF CLAIM

Caleca raises three challenges: (1) the ALJ erred by failing to perform a necessity analysis for a hand-held assistive device, (2) the ALJ misevaluated the limiting effects of Caleca's fibromyalgia, and (3) remand is required to address the unconstitutional nature of the Social Security Administration. The Court grants remand based on Caleca's second challenge.

3

Caleca argues that the ALJ discounted her subjective complaints of pain and fatigue caused by her fibromyalgia based on objective medical evidence in violation of *Arakas v. Commissioner*. 983 F.3d 83, 95–98 (4th Cir. 2020). Defendant argues that the record evidence does not meet the standard in SSR 12-2p for a diagnosis of fibromyalgia. Defendant further argues that, to the extent Caleca has fibromyalgia, it is controlled by medicine. The Court agrees the ALJ's decision violates *Arakas*, and Defendant's arguments do not overcome this error.

In *Arakas*, the Fourth Circuit ordered remand where the ALJ "improperly discount[ed] Arakas's subjective complaints of pain and fatigue, based largely on the lack of objective medical evidence substantiating her statements." *Id.* at 95–96. In particular, the Fourth circuit held "that ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia." *Id.* at 97–98. "Objective indicators such as normal clinical and laboratory results simply have no relevance to the severity, persistence, or limiting effects of a claimant's fibromyalgia, based on the current medical understanding of the disease."

Courts in the Western District of North Carolina have repeatedly found that an ALJ violates *Arakas* when he considers objective medical evidence regarding fibromyalgia, even as just one factor, to discount a claimant's subjective complaints. *See Bryson v. Berryhill*, No. 1:20-CV-00169-MOC, 2021 WL 2517682, at *5 (W.D.N.C. June 18, 2021) (remanding where "the ALJ used objective medical evidence to discount Plaintiff's testimony regarding her subjective symptoms of fibromyalgia as evidenced by the ALJ's statement that Plaintiff's subjective complaints 'are not entirely consistent with the medical evidence and other evidence in the record.'"); *Bruce v. Kijakazi*, No. 5:20-CV-083-DCK, 2022 WL 981947, at *8 (W.D.N.C. Mar. 30, 2022) (remanding where the ALJ found claimant's "statements concerning the intensity,

persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record"); *Aidala v. Comm'r of Soc. Sec. Admin.*, No. 320-CV-00646-MOC-WCM, 2021 WL 5871541, at *4 (W.D.N.C. Nov. 1, 2021), *report and recommendation adopted sub nom.*, 2021 WL 5868966 (W.D.N.C. Dec. 10, 2021) (remanding where the ALJ found claimant's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record").

Here, Caleca testified that she suffers from "joint pain, muscle pain, swelling, fatigue, insomnia, headaches, dizziness, balance problems, memory and concentration problems." (Tr. 18). Based in part on Caleca's subjective complaints, the ALJ determined that Caleca had the severe impairment of fibromyalgia. (Tr. 12). When evaluating Caleca's fibromyalgia, the ALJ discussed objective medical evidence, as shown in the statements below:

- "Regarding the claimant's fibromyalgia and lupus, imaging was normal." (Tr. 19)
- "Apparently Lyrica may be controlling her prior diagnosed fibromyalgia. Exam showed no edema, trigger points, adenopathy, rash, or erythema, with normal range of motion." (Tr. 19) (internal citations omitted).
- "July 2019 rheumatology exam showed moderate severe trigger points ACT criteria for fibromyalgia, but no synovial changes." (Tr. 19).
- "[H]er fibromyalgia was doing better on Lyrica, by may benefit from increasing dose." (Tr. 20).

In developing Caleca's RFC, the ALJ thrice discounted Caleca's subjective complaints of pain, finding that "because [Caleca's] statements about the intensity, persistence, and limiting effects of her symptoms are inconsistent with the objective medical evidence and the other

5

evidence, I find that the claimant's symptoms are less likely to reduce her capacities to perform work-related activities." (Tr. 18, 21–22) (italics omitted). Accordingly, the ALJ "applied the improper legal standard when evaluating objective medical evidence to discount Plaintiff's fibromyalgia." *Bryson*, 2021 WL 2517682, at *5. Here, the ALJ found Caleca's fibromyalgia was a severe impairment, took into account Plaintiff's testimony regarding her fibromyalgia symptoms, and discounted that testimony based at least in part on objective medical evidence. This runs afoul of *Arakas*, where the Fourth Circuit found "that ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia." *Id.* at 97–98. Since these errors potentially caused the ALJ to improperly assess Caleca's RFC, the decision is remanded.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Summary Judgment, (DE 12), is **GRANTED**;

2. Defendant's Motion for Summary Judgment, (DE 14), is **DENIED**;

3. Defendant's Motion for Leave to File a Sur-Reply, (DE 17), is **GRANTED**; and

4. This matter is **REMANDED** to the Commissioner for further proceedings consistent with this order.

The Clerk is directed to close this case.

**SO ORDERED.**

Signed: August 8, 2022

*Robert J. Conrad, Jr.*
Robert J. Conrad, Jr.
United States District Judge